# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

WILLIAM E. HUBBARD,          )

                                  )          Civil Action Number:

          Plaintiff,         )

                                  )          FLSA Action

v.                              )          Jury Trial Demanded

                                  )

QUICKSILVER COMMUNICATIONS, )

INC. a Domestic Profit Corporation, and )

MICHAEL EDMONDSON, and       )

JOSH JAMES, Individuals         )

                                  )

          Defendants.       )

## COMPLAINT

1.     COMES NOW Plaintiff William E. Hubbard ("Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendants Quicksilver Communications, Inc. (hereinafter "Quicksilver") Michael Edmondson (hereinafter "Edmondson"), and Josh James (hereinafter "James."), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and pursuant to claims of fraud and willful misrepresentation of a material fact pursuant to O.C.G.A. Title 51, Chapter 6; and unjust enrichment (an equitable doctrine) and in support thereof would further state as follows:

**INTRODUCTION**

2.     The instant action arises from Defendants Quicksilver, Edmondson, and James  (Collectively "Defendants") violations of Plaintiff's rights under the FLSA, 29 U.S.C. §§ 201, <u>et seq</u>., as amended and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff of his lawful overtime wages.

3.     This action is brought to recover unpaid overtime compensation owed to Plaintiff, pursuant to the FLSA.

4.     This action is also brought to recover deductions from Hubbard's wages by Defendants to pay for "workers compensation" insurance, which upon information and belief was never purchased, pursuant to claims of fraud and willful misrepresentation of a material fact pursuant to O.C.G.A. Title 51, Chapter 6; and unjust enrichment (an equitable doctrine).

5.     Plaintiff was employed by Defendants and, who during the time relevant to this action worked as a technician/installer/repairman based from 371 WATERWORKS RD # B NEWNAN, GA 30263-2961 (hereinafter "Defendants' Newnan Location").

6.      During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for all hours worked in excess of 40 hours in a given workweek.

7.      During the employment of Plaintiff, Defendants committed widespread violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given work week

8.      Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

9.      Plaintiff also seeks reimbursement of all deductions from his wages by Defendants to, upon information and belief, pay non-existent workers compensation insurance premiums in whole or in part pursuant to O.C.G.A. Title 51, Chapter 6 and unjust enrichment (an equitable doctrine) as well as interest, punitive damages and attorney fees and costs.

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

11.    Venue is proper in the Northern District of Georgia under 28 U.S.C. §1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

12.    Plaintiff resides in Newnan, Coweta County, Georgia (within this District).

13.    Plaintiff was employed by Defendants to work mainly in private homes installing and servicing coaxial cable for internet, TV, and telephone.

14.    Plaintiff was also employed by Defendants to mount TV's in private homes and to sometimes pre-wire apartments.

15.    Relative to the instant Complaint, Plaintiff was employed by Defendants from on or about August 2015 through on or about October 25, 2018.

16.    Plaintiff was previously employed by Defendant Quicksilver from on or about August 2009 through on or about April 20, 2011 performing work similar to what he was most recently doing for Defendants.

17.    At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e) (1) of the FLSA, although he was illegally treated

as an "independent contractor" by them, and worked for Defendants within the territory of the United States.

18.     Plaintiff is further covered by   §§ 203, 206, and 207 of the FLSA for the period in which he was employed by Defendants.

19.     During the time relevant to this action, Plaintiff was an employee of Defendants and who was engaged in commerce or in the production of goods for commerce.

20.     Defendant Quicksilver, is a Domestic Profit Corporation formed under the laws of the State of Georgia and provides its clients with installing and servicing coaxial cable for internet, TV, and telephone mainly in the homes of its clients' customers.

21.     Upon information and belief, Defendant Edmondson is an owner of Defendant Quicksilver Communications, Inc. and according to the Georgia Secretary of State website he is also the CEO, CFO and Secretary of Defendant Quicksilver.

22.     Upon information and belief, Defendant James is a supervisor of Defendant Quicksilver Communications, Inc.

23.     Defendants conduct business within this State and District.

24.     Defendants maintained either actual or constructive control, oversight and direction of Defendants' Newnan Location, including the employment and pay and other practices of that operation.

25.     Defendant Quicksilver is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, MICHAEL EDMONDSON at 22 Lodgepole Pine Court, Newnan, GA, 30265.

26.     Defendant Edmondson is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 22 Lodgepole Pine Court, Newnan, GA, 30265.

27.     Defendant James is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 371 WATERWORKS RD # B NEWNAN, GA 30263-2961.

28.     At all times material to this action, Defendant Quicksilver, was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

29.     At all times material to this action, Defendant Quicksilver was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

6

30.     Upon information and belief, at all times material to this action, Defendant Edmondson was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

31.     Upon information and belief, at all times material to this action, Defendant James was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

32.     The minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendants.

33.The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

34.     At all times relevant to this action, Plaintiff's primary duties, included installing and servicing coaxial cable for internet, TV, and telephone, mainly in private homes based from Defendants' Newnan Location.

35.     At all times relevant to this action, Plaintiff's primary duty was not the management of the enterprise in which he was employed, nor of a customarily recognized department or subdivision thereof.

36.     At all times relevant to this action, Plaintiff did not possess the authority to hire or fire other employees.

37.     At all times relevant to this action, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities he performed.

38.     At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

39.     At all times relevant to this action, Plaintiff was at times required to work in excess of forty (40) hours a week.

40.     At all times relevant to this action, Plaintiff was paid on a piece rate basis.

41.     At all times relevant to this action, Defendants did not compensate Plaintiff for a all time worked in excess of forty (40) hours per week at rates at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206 and 207.

42.     The records, if any, concerning the number of hours actually worked by Plaintiff, and the compensation actually paid to Plaintiff were required to be kept by Defendants.

43.     Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §206, § 207 or § 213 with respect to Plaintiff.

44.     Defendants violated the FLSA by misclassifying Plaintiff as an independent contractor.

45.     Defendants had complete control over the manner in which Plaintiff performed his work.

46.     Plaintiff was required to report to work at 8:00 am at Defendants' Newnan Location 6 days a week.

47.     Defendants would then give him the printed work order for each job they had assigned for him that day.

48.     Each of the work orders would be designated as needing to be accomplished during one of four daily time frames being: 8am – 11am; 11am -2:00 pm; 2pm -5pm; and 5pm-8am.

49.     Plaintiff had to turn in to Defendants required paperwork for each day's work at 8:00 am the following morning.

50.     The work orders needing completion each day were for the customers of New Links, LLC and subsequently by WideOpenWest Georgia, LLC with

whom upon information and belief Defendant had service contracts with during the time relevant to this action.

51.     Plaintiff invested little money in tools to perform his duties for Defendants.

52.     Defendant's controlled the time when Plaintiff could do his work.

53.     Defendant's controlled the location where Plaintiff would do his work.

54.     Defendant's determined how Plaintiff got paid.

55.     Plaintiff did not work for any other employer during the time period he worked for Defendants.

56.     Plaintiff's work for Defendants was manual labor.

57.     Plaintiff's work did not require any specialized training.

58.     Plaintiff had very little opportunity, if any, for profit or loss depending upon his managerial skill.

59.     Plaintiff had no capital investment in equipment.

60.     Plaintiff did use his own personal truck for transportation to job sites.

 as she utilized an existing computer laptop which she owned.

61. The service rendered by Plaintiff did not require a special skill.

62. The working relationship between Defendants and Plaintiff had the

possibility for a high degree of permanency and duration.

63.    The services rendered by Plaintiff were an integral part of Defendants' business.

64.    During Plaintiff's working relationship with Defendants, Plaintiff was economically dependent upon his job with Defendants.

65.    Defendants failed to meet the requirements for paying Plaintiff at a rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206 and 207.

66.    Defendants are liable to Plaintiff for compensation for any and <u>all</u> time worked and for any and all time worked in excess of 40 hours per week at the rates at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206 and 207.

67.    By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

68.    As a result of Defendants' willful violations of the FLSA and lack of good faith related thereto, Plaintiff is entitled to liquidated damages.

69.    Defendants withheld 10% each week from Plaintiff's wages allegedly for Workers Compensation insurance premiums to protect Plaintiff.

70.    Upon information and belief Defendants did not apply these withholdings as promised.

71.    Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. §216(b), and Georgia law, Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

72.    Plaintiff demands a jury trial.

## COUNT I

73.    Plaintiff repeats and incorporates by reference paragraphs 1-72 herein.

74.    By their actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

75.    Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay Plaintiff's overtime compensation in an amount at a rate not less than one and one-half times the regular rate at which he was employed.

76.    As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive an overtime rate not less than one and one-half times the regular rate at which he was employed.

77.    Defendants have not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiff.

78. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation equal to not less than one and one-half times the regular rate at which he was employed in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other relief.

## COUNT II

79.    Plaintiff repeats and incorporates by reference paragraphs 1-78 herein.

80.    By their actions alleged herein, Defendants willfully, knowingly and not in good faith deducted monies from Hubbard's wages to allegedly pay for "workers compensation" insurance, which upon information and belief was never purchased.

81.    By its actions Defendants committed fraud and willful misrepresentation of a material fact pursuant to O.C.G.A. Title 51, Chapter 6; and unjust enrichment (an equitable doctrine), upon Plaintiff.

82.    As a result of the unlawful acts of Defendants, Plaintiff has been deprived of a part of his wages in amounts to be determined at trial, and is entitled

to recovery of such amounts, interest, punitive damages, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, and fraud and deceit pursuant O.C.G.A. Title 51, Chapter 6; and unjust enrichment (an equitable doctrine), upon Plaintiff prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action; and

D. That Plaintiff be awarded an amount equal to the wages taken from him allegedly to purchase workers compensation, interest, punitive damages as well as attorney fees and costs.

E. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 14th day of November, 2018.

MARTIN & MARTIN, LLP

15

By: /s/ Thomas F. Martin
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070
(770) 344-7267